UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER M. SHERRICK,

      Plaintiff,

v.                                                      Case No. 1:14-cv-119
                                                      Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

The Court granted defendant's unopposed motion to reverse and remand the Commissioner's decision denying benefits pursuant to sentence four of 42 U.S.C. § 405(g). *See* Order and Judgment (ECF Nos. 37 and 38). This matter is now before the Court on plaintiff's unopposed motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $6,448.00 (ECF No. 39).[1] Plaintiff recently filed a proposed order to award that fee (ECF No. 41). For the reasons stated below, the motion should be granted in part.

---

[1] The Court notes that the final paragraph of plaintiff's motion contains numerous errors:

> WHEREFORE, Petitioner hereby makes application to the Court for an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412, payable to Frederick J. Daley, Jr. and Daley Disability Law, in the total amount of $6,448.005, which represents 35.16 attorney hours at $184.50/hr in 2013 through 2016 [$6,381.86]; and 3.30 paralegal hours at $100/hour [$3,330.00].

Plaintiff's Application for EAJA fees (ECF No. 39, PageID.699) (footnote omitted). The timesheet attached to the motion includes 2.95 "Total Law Clerk Hours" at an hourly rate of $100.00 for a fee of $295.00, and 35.16 "Total Attorney Hours" at an hourly rate of $175.00 for a fee of $6,153.00, for a grand total of $6,448.00. *See* Timesheet (docket no. 39-3, PageID.704). The Court will rely on the figures appearing in the timesheet.

**I.     Discussion**

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). "Eligibility for a fee award in a civil action therefore requires that (1) the claimant be a prevailing party, (2) the government's position was not 'substantially justified,' and (3) no special circumstances made an award unjust." *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006).

Plaintiff has met the three criteria to be eligible for an EAJA award. First, plaintiff is the prevailing party. *Marshall*, 444 F.3d at 840. Second, by not opposing the application, the government has failed to demonstrate that its action was substantially justified. *Id.* Third, no special circumstances exist in this case to make an award unjust. *Id.*

The next step is to determine the amount of fees to be awarded under the EAJA, which provides that the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). "Although the EAJA was enacted in October 1981, it was amended in March 1996 to increase the hourly fee rate from $75.00 to $125.00. 28 U.S.C. § 2412(d)(1)(D)(2)(A)." *Metropolitan Van and Storage, Inc. v. United States*, 101 Fed. Cl. 173, 191

(Fed. Cl. 2011). Thus, the statutory rate for EAJA fees has remained the same for two decades since the last increase. It has become commonplace for prevailing plaintiffs in Social Security Appeals to request EAJA fees and then request attorney fees in excess of $125.00 per hour. In recent years, this Court has found a reasonable attorney fee for experienced Social Security practitioners in EAJA cases to be $175.00. *See, e.g.*, *Malewitz v. Commissioner of Social Security*, No. 1:12-cv-1285, 2014 WL 3354017 (W.D. Mich. July 9, 2014); *Nichols v. Commissioner of Social Security*, No. 1:09-cv-1091, 2012 WL 1189764 (Report and Recommendation) (W.D. Mich. March 19, 2012), adopted in 2012 WL 1190175 (Order) (April 9, 2012); *Mueller v. Commissioner of Social Security*, 1:09–cv–695, 2011 WL 2648703 (W.D. Mich. July 6, 2011); *Karadsheh v. Commissioner of Social Security*, 1:08–cv–988, 2010 WL 4259644 (Report and Recommendation) (W.D. Mich. Sept.17, 2010), adopted in 2010 WL 4259616 (Order) (Oct. 20, 2010).

The Court based this $175.00 hourly rate on the increased cost of living as well as the prevailing market rate for hiring an attorney in Kent County, Michigan. Kent County, a well populated county in the center of the southern division of this district, is home to the state's second largest city and a venue of this Court, and is well situated for determining a proper market rate. *Cf. B & G Mining, Inc. v. Director, Office of Workers' Compensation Programs*, 522 F.3d 657, 663 (6th Cir. 2008) (appropriate rate for attorney fees under the lodestar method "is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation") (McKeague, J.) (internal quotation marks omitted). The mean hourly billing rate for attorneys in Kent County is $298.00, an amount which is 138% higher than the statutory rate set forth in the EAJA. *See Economics of Law Practice in Michigan*, Michigan Bar Journal, Vol. 93, No. 9 at p. 26 (2014 Survey) (Sept. 2014). A significant majority of attorneys in

Kent County (i.e., 75%) bill at an hourly rate exceeding $208.00, an amount which is 66% higher than the EAJA statutory rate. *Id.* Statewide, the mean hourly billing rate for public benefits attorneys in Michigan is $231.00, an amount which is 85% higher than the EAJA statutory rate. *Id.* at p. 25. A significant majority of public benefits attorneys statewide (i.e., 75%) bill at an hourly rate exceeding $180.00, an amount which is 44% higher than the EAJA statutory rate. *Id.* The reality is that most attorneys in Kent County, and most public benefits attorneys statewide, bill at hourly rates far in excess of the EAJA hourly rate of $125.00. Restricting attorney fees to the statutory rate - which has not changed in two decades - will limit the availability of qualified attorneys for Social Security Appeals in this area. Given these considerations, the Court concludes that the previously allowed rate of $175.00 is a reasonable attorney fee for EAJA awards to successful plaintiffs in Social Security Appeals. Accordingly, the Court is justified in allowing fees up to that amount.

Plaintiff seeks EAJA fees based upon 35.16 hours of work by three attorneys at an hourly rate of $175.00 and 2.95 hours of work by two law clerks at an hourly rate of $100.00. In the Court's experience, counsel seeking EAJA fees related to Social Security Appeals spend in the range of 15 to 30 hours working on these appeals, with 40 hours being the "outer limits." *See, e.g.*, *Mueller*, 2011 WL 2650651 (23.5 hours); *Cooper v. Commissioner of Social Security*, 1:09-cv-40, 2011 WL 3269446 (W.D. Mich. April 11, 2011) (32.75 hours); *Karadsheh*, 2010 WL 4259644 (14.7 hours); *Huls v. Commissioner of Social Security*, 1:07-cv-748, 2008 WL 1932429 (W.D. Mich. May 1, 2008) (22.0 hours). *See also, Flamboe v. Commissioner of Social Security*, No. 1:12-cv-606, 2013 WL 1914546 at *2 (W.D. Mich. May 8, 2013) ("[a]lthough exceptions exist and each case is examined on its own merits, 40 hours generally marks the 'outer limits' of a reasonable expenditure of time on this type of case").

4

This case was delayed due to the actions of a fourth, out-of-state attorney who apparently wrote the initial brief for plaintiff's law firm back in 2014. The brief was deficient (e.g., it contained citations from a brief filed on behalf of a different claimant). After defendant filed a response pointing out the deficiencies, plaintiff's counsel filed a reply brief which consisted of blank sheets of paper. *See* ECF Nos. 17, 20 and 21. Ultimately, in an order entered on November 18, 2015, the first round of briefing was stricken and plaintiff's counsel was allowed a second opportunity to brief the matter. *See* Order (ECF No. 26). Plaintiff's counsel's timesheet reflects 38.11 hours spent on the relevant work performed in this matter.[2] This amount of time approaches the outer limits of reasonable time spent on this type of appeal. Based on the record, the undersigned concludes that the hours billed by plaintiff's attorneys and the hourly rate requested for the law clerks should be reduced.

Putting aside the problems with the first round of briefing, this case is fairly typical, involving a normal-sized record and no oral arguments. The second brief raised three issues which are typical in Social Security Appeals, i.e., the ALJ erred in adopting an incorrect RFC, the ALJ erred with respect to determining Step Three equivalency, and the ALJ erred in his credibility determination. Plaintiff's Brief (ECF No. 27, PageID.656). Notably, defendant did not file a response to the second brief, so plaintiff's counsel spent no time reviewing a response and preparing a reply brief.

Counsel's timesheet reflects that three lawyers spent 35.16 hours on this matter, while two law clerks spent 2.95 hours. Attorney Leah Miyamoto bore the brunt of the work, spending

---

[2] The Court notes that plaintiff's counsel does not seek fees for preparation of the stricken brief and reply. However, it does include charges related to counsel's attempts to strike the brief.

22.76 hours on plaintiff's second brief which was the operative brief in this case. Of that time, Attorney Miyamoto spent 8.21 hours to "Draft me evidence; add arguments from MM reply, add to RFC & equivalency," and 2.33 hours to finalize, proofread and "edit per FJD comments" *See* Timesheet (ECF No. 39-3, PageID.704). Co-counsel Meredith Marcus (MM) spent 1 hour to "review MSJ and make edits / recommendations to add," while lead counsel Frederick Daley (FJD) billed 2 hours to "review draft of MSJ, summary of issues when accepted, parts of AR and make some edits and comments to 25 page brief."[3] *Id.* The government should not be required to pay plaintiff's counsel for the time spent by three attorneys to edit a Social Security Appeal brief. For this reason, the requested fee should be reduced by the one hour of editing charged by Attorney Marcus.

In addition, plaintiff's attorneys should not receive a fee related to their attempts to strike their original defective work. In this regard, Attorney Marcus spent 8.4 hours on these attempts in June and July, 2015.[4] Accordingly, the time charged by these three attorneys (35.16 hours) should be reduced by 10.4 hours to 22.76 hours, resulting in a fee of $3,983.00 (22.76 hours x $175.00).

Finally, plaintiff's counsel seeks 2.45 hours for work performed by David Solomonik and 0.5 hours for work performed by Pauline Lacson at the rate of $100.00 per hour. While counsel refers to Mr. Solomonik and Ms. Lacson as "Law Clerks," meaning that they are either law students or lawyers, neither Mr. Solomonik nor Ms. Lacson have a legal education. *See* Resumes (ECF No.

---

[3] The charges related to "MSJ" refer to the preparation of the initial brief.

[4] The charges are as follows: 6/2/15 (0.1 hour); 6/4/15 (0.1 hour); 6/15/15 (1.2 hours); 7/6/15 (0.8 hour); and, 7/6/15 (6.2 hours). *See* Timesheet at PageID.704.

39-6, PageID.755-756). Mr. Solomonik's current job description is as a legal assistant and Ms. Lacson's most recent position is as an office services clerk at a law firm. Nevertheless, for purposes of this fee application, the Court will consider Mr. Solomonik and Ms. Lacson as "paralegals" whose time is compensable under the EAJA. That being said, the requested hourly rate is excessive. "$75 per hour for paralegal or law clerk work is a reasonable market rate for the Western District of Michigan." *Capozio v. Commissioner of Social Security*, No. 1:14-CV-133, 2017 WL 1017816 at *2 (W.D. Mich. March 16, 2017), citing *Finney v. CSS*, No. 1:15-cv-460, 2017 WL 946307 at *1 (W.D. Mich. March 9, 2017). For these reasons, the hourly rate attributable to Mr. Solomonik and Ms. Lacson should be reduced to $75.00, resulting a fee of $221.25 (2.95 hours x $75.00). In summary, plaintiff's counsel should be awarded EAJA fees in the amount of $4,379.25 ($4,158.00 + $221.25).

## II. Recommendation

I respectfully recommend that plaintiff's motion for attorney fees pursuant to the EAJA (ECF No. 39) be **GRANTED IN PART** and that defendant pay plaintiff attorney fees in the amount of **$4,379.25**.[5]

Dated: May 2, 2017          /s/ Ray Kent
                            RAY KENT
                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474

---

[5] Whether this fee is paid to plaintiff or to her counsel is an administrative matter to be resolved by the government agency responsible for disbursing the funds.

U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).